**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | Case No. 2:10-cr-232 |
| Plaintiff, : | |
| : | CHIEF JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | |
| JOHN K. HUGHES, : | |
| : | |
| Defendant. : | |

**OPINION & ORDER**

**I.     INTRODUCTION**

This matter comes before the Court on Defendant John K. Hughes' Motion for Compassionate Release and Supplemental Motion to Reduce Sentence. (ECF Nos. 29, 31). For the following reasons, Mr. Hughes' Motions are **DENIED WITHOUT PREJUDICE**. (*Id.*).

**II.     BACKGROUND**

On March 25, 2011, Mr. Hughes pled guilty to one count of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(a) and (e). He was sentenced to 262 months in prison with jail time credit starting July 30, 2010. Mr. Hughes, now 79 years old, and has served roughly 127 months to date.

On September 25, 2020, Mr. Hughes filed his pro se Motion for Compassionate Release. (ECF No. 29). On that day, this Court appointed counsel for the limited purpose of assisting Mr. Hughes with his motion. Mr. Hughes, age 79, has numerous medical and serious conditions, including: (1) an enlarged heart; (2) pace maker implant due to his Prinzmetal's angina; (3) atrial fibrillation; (4) sleep apnea, necessitating the use of a CPAP machine; (5) high blood pressure with

hypertension; (6) progressive arthritis; (7) aorta aneurysm; (8) severe edema in both legs, causing cellulitis; (9) morbid obesity; and (10) type-2 diabetes. (ECF No. 29).

On September 25, 2020, this Court also appointed counsel for the limited purpose of assisting Mr. Hughes with his motion. (ECF No. 30). Appointed counsel filed a supplemental motion to reduce sentence on January 6, 2021. (ECF No. 31).

On January 13, 2021, the Government filed a Response in Opposition. (ECF No. 32). After summarizing Mr. Hughes' arguments, the Government concedes that the Defendant has exhausted his administrative remedies under *Alam*. Nevertheless, the Government contends the Motion fails on the merits because Mr. Hughes has failed to establish "extraordinary and compelling reasons" justifying his release and that the sentencing factors under 18 U.S.C. § 3553(a) weigh against his release. (*Id.*).

### III. STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may "reduce the term of imprisonment" of a defendant for "extraordinary and compelling reasons" once the exhaustion requirement or 30-day waiting requirement has been satisfied. 18 U.S.C. § 3582(c)(1)(A); *Alam*, 960 F.3d at 834. A district court's decision under § 3582(c)(1)(A) will be reviewed for abuse of discretion and a district court "must supply 'specific factual reasons'" in support of its compassionate release decision. *United States v. Jones*, 980 F.3d 1098, 1113 (6th Cir. Nov. 20, 2020). In *United States v. Jones*, the Sixth Circuit clarified the mechanics of compassionate review under 18 U.S.C. § 3582 where an incarcerated person has brought a motion on his own behalf. In *Jones*, the Sixth Circuit announced that U.S.S.G. § 1B1.13 is no longer considered an "applicable" policy statement "in cases where incarcerated persons file their own motions in district court for compassionate release." *Id.* at 1101.

The *Jones* court set forth a three-step framework for district courts to follow when considering motions for compassionate release. *Id.* at 1103. First, district courts must find whether "extraordinary and compelling reasons warrant" a sentence reduction. *Id.* Second, a court must determine whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* Given that the *Jones* court found that U.S.S.G. § 1B1.13 was no longer applicable to motions brought by incarcerated persons on their own behalf, federal district courts may now skip this step in those instances and "have full discretion to define 'extraordinary and compelling' without consulting the policy statement." *Id.* at 1109. Third, a court must consider the factors set forth in 18 U.S.C. § 3553(a) and determine whether, in the court's discretion, the reduction authorized by the statute is "warranted in whole or in part under the particular circumstances of the case." *Id.* at *6 (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)).

## IV. LAW & ANALYSIS

### A. Exhaustion of Administrative Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a sentencing court may reduce a term of imprisonment, but only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020). The Sixth Circuit held that this requirement is not a jurisdictional rule, but a claim-processing rule that "binds the courts only when properly asserted and not forfeited." *Alam*, 960 F.3d at 833.

The Government concedes that Mr. Hughes has met the statutory exhaustion requirements, so this threshold requirement is not in contention. (ECF No. 32).

## B. Extraordinary and Compelling Reasons

Under the analysis set forth in *Jones*, this Court must first determine whether "extraordinary and compelling reasons" warrant a reduction in sentence under 18 U.S.C. § 3852(c)(1)(A)(i). This court has "full discretion to define 'extraordinary and compelling'" without consulting the policy statement § 1B1.13." *Jones*, 980 F.3d at 1109.

In Mr. Hughes' Motion, he seeks release for numerous health conditions that put him at a greater risk of becoming seriously ill with COVID-19, including: (1) an enlarged heart; (2) pace maker implant due to his Prinzmetal's angina; (3) atrial fibrillation; (4) sleep apnea, necessitating the use of a CPAP machine; (5) high blood pressure with hypertension; (6) progressive arthritis; (7) aorta aneurysm; (8) severe edema in both legs, causing cellulitis; (9) morbid obesity; and (10) type-2 diabetes. (ECF No. 29).

In opposition, the Government concedes that Mr. Hughes has health conditions that present an increased risk of becoming seriously ill with COVID-19, but argues that the Bureau of Prisons ("BOP") is best positioned to decide release decisions and, more importantly, that Mr. Hughes would be a continuing danger to the community if released. (ECF No. 32).

As an initial matter, this Court recognizes the devastating impact of the COVID-19 pandemic and that prison populations are subject to heightened Hughes. The spread of COVID-19 in prisons has been well documented and Lexington FMC, where Mr. Hughes is confined, has 7 active cases of COVID-19 among the incarcerated population and 4 active cases among staff. Seven hundred and thirty-six incarcerated and 73 staff have contracted the virus since the pandemic began.[1] Tragically, nine individuals have died from this virus while in the care of Lexington FMC. This Court has discretion to determine for itself whether an incarcerated person

---

[1] *See* BOP, *COVID-19 Coronavirus*, https://www.bop.gov/coronavirus, last accessed 3/15/2021 at 10:24 AM.

has presented "extraordinary and compelling reasons" within the meaning of the First Step Act, and this Court finds that Mr. Hughes' age and extremely serious health conditions constitute "extraordinary and compelling reasons."

### C. Section 3553 Sentencing Factors Analysis

When an incarcerated person demonstrates "extraordinary and compelling reasons" which could justify a reduction in sentence, this Court must also consider "all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 2020 WL 6817488, at *11. A court does not need to "specifically articulat[e]" every single § 3553(a) factor in its analysis; rather, the record "as a whole" must indicate that the pertinent factors were taken into account by the court. *Id.* For a reviewing court, the record as a whole will constitute both the original sentencing proceeding and the compassionate release decision. *Id.* at *11–12.

Section 3553(a) instructs a court to consider:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

    (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B) to afford adequate deterrence to criminal conduct;

    (C) to protect the public from further crimes of the defendant; and

    (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for ... the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines ...;

(5) any pertinent policy statement ... issued by the Sentencing Commission ...;

>  (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

In support of his Motion for Compassionate Release, Mr. Hughes argues that a reduction in his sentence would not diminish the seriousness of the offense or present a risk to the public. (ECF No. 31). On March 25, 2011, Mr. Hughes pled guilty to one count of Sexual Exploitation of Children in violation of 18 U.S.C. § 2251(A) and (e). He was then sentenced to 262 months, with credit starting July 30, 2010. Mr. Hughes, now 79 years old, has served around 127 months of his prison sentence. Mr. Hughes argues that he poses no threat to the public because, being almost 80 years old, his risk of recidivism is "the lowest . . . rate possible." (ECF No. 29 at 13). He also points out that he spends much of his time bedridden or in a wheelchair. (*Id.* at 14).

The Government opposes this request on the grounds that the § 3553(a) factors weigh against this request for premature release. (ECF No. 32). The Government draws this Court's attention to the seriousness of the underlying offense. (*Id.*).

Now, this Court must consider both the health risk to the individual and the interests served by continued incarceration based on the nature and seriousness of the offense. The urgency of a motion for compassionate release is at its zenith where, as here, an individual has a combination of health conditions that put them at an increased risk of severe illness from the virus that causes COVID-19. Considerations of public safety are likewise at their zenith where the underlying offense indicates the defendant would pose a continuing danger to the community if released. These two factors—serious health conditions with serious concerns to the safety of the community—are not reconciled easily.

In this case, the facts of Mr. Hughes offense of conviction are upsetting. He pled guilty to the production of child pornography, in which the child-victim was his own granddaughter. He also accumulated a child pornography collection depicting the violation and exploitation of dozens of minor victims. What is more, while Mr. Hughes pled guilty to the offense a relatively long time ago—in September 2010—he was in his 60s at the time he committed the offense, thus weakening the argument that his age indicates he no longer poses a risk of recidivism.

This Court finds that the seriousness of the offense counsels in favor of denying his motion. Given Mr. Hughes' health conditions and age, it is likely he would be among the first at Lexington FMC to receive a vaccination, assuming he has not received one already. In addition, the underlying offense is extremely serious, and Mr. Hughes has not met his burden of proving that he would not pose a danger to others if released.

The Court therefore finds that the retribution, deterrence, incapacitation, and rehabilitation interests served by the original sentence counsel against early release in this case. For these reasons, the Motion for Compassionate Release (ECF No. 29, 31) is **DENIED WITHOUT PREJUDICE**.

## V.  CONCLUSION

For the reasons set forth above, Mr. Hughes' Motion for Compassionate Release is **DENIED WITHOUT PREJUDICE**. (ECF Nos. 29, 31).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  March 15, 2021**